IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Marcus Antwan Manick, ) | |
| ) | Civil Action No. 8:14-3744-BHH-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| Kewanna K. Manick, Wanda Walker, ) and Frank W. Cannon, ) | |
| ) | |
| Defendants. ) | |

   The plaintiff, a pretrial detainee proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d)(D.S.C.), this magistrate judge is authorized to review all pre-trial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

   The plaintiff is currently confined at the Greenwood County Detention Center in Greenwood, South Carolina. The "lead" defendant, Kewanna K. Manick, is the plaintiff's spouse. Defendant Wanda Walker, according to the plaintiff's answers on page 2 of the complaint (doc. 1), is the "Family [Court] Clerk" of Greenwood County. Defendant Frank W. Cannon is the managing attorney for the Legal Services Corporation in Greenwood, South Carolina.

   In the "STATEMENT OF CLAIM" portion of the complaint, the plaintiff alleges or contends that on August 11, 2014, he mailed five forms with copies to the Greenwood County Clerk of Court official Wada Walker to begin the "divorce process" (doc. 1 at 3). As the forms were incomplete, Ms. Walker returned them to the plaintiff along with an

administrative memo signed by Judge John M. Rucker. The memo indicated that the plaintiff should contact Legal Services. Subsequently, the plaintiff wrote a letter to Legal Services managing attorney, Frank W. Cannon, about the return of the forms. On September 5, 2014, the plaintiff received a letter from Mr. Cannon stating that Legal Services does not represent prisoners. The plaintiff feels that this denial is the result of discrimination because the administrative memo from Judge Rucker does not state whether one must be incarcerated or not. The plaintiff argues that, as an indigent, he is entitled to be screened and appointed a *pro bono* lawyer by Legal Services. The plaintiff states he has been separated for more than two years from his wife and has "no thoughts of getting back together." He states he wishes to be divorced "here" through the actions he is filing with "this court" (*id*. at 3–4). In his prayer for relief, the plaintiff asks this court process the divorce order that he submitted to the family court; $20,000 in damages for pain and suffering; and, a court order directing that his spouse "return to her maiden name of Kewanna K Moore." (*id*. at 4).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A. The plaintiff is a *pro se* litigant, and thus the plaintiff's pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The plaintiff's spouse, Kewanna K. Manick, is subject to summary dismissal because she, as a potential defendant in a domestic relations case, has not acted under color of state law. *See Am. Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999); and *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The plaintiff indicates that defendant Wanda Walker, the family court clerk, returned his pleadings to him as incomplete pursuant to the administrative memo issued by family court Judge John M. Rucker (doc. 1 at 3). Since defendant Walker was acting pursuant to the directions of a family court judge, she is immune from suit because of quasi judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226–27 (1988); and *Abebe v. Propes*, Civil Action No. 0:11-1215-MBS-PJG, 2011 WL 2581385, at *3 (D.S.C. June 3, 2011) (collecting cases), *adopted by* 2011 WL 2600593 (D.S.C. June 29, 2011).

Frank W. Cannon, the managing attorney for the Legal Services Corporation in Greenwood, is entitled to summary dismissal because he has not acted under color of state law. *See, e.g., Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976); and *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980). Moreover, the plaintiff has not been discriminated against by the Legal Services Corporation. It can be judicially noticed that, since 1996, the Congress has prohibited the Legal Services Corporation from participating in any civil litigation on behalf of prisoners. *See* Public Law 104-134, 110 Stat. 1321 (1996); and 62 Fed. Reg. 19421 (Apr. 21, 1997), which is now codified at 45 C.F.R. § 1637.3 ("A recipient may not participate in any civil litigation on behalf of a person who is incarcerated in a Federal, State or local prison, whether as a plaintiff or as a defendant, nor may a recipient participate on behalf of such an incarcerated person in any administrative proceeding challenging the conditions of incarceration.").

This federal court does not have diversity jurisdiction to consider any state law claims because the plaintiff and all three defendants are citizens of South Carolina. *See* 28 U.S.C. § 1332; and *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806). Even if

3

complete diversity of parties existed in a case, federal district courts do not have jurisdiction to adjudicate domestic relations matters handled by state courts. *See Marshall v. Marshall*, 547 U.S. 293, 308 (2006) ("only 'divorce, alimony, and child custody decrees' remain outside federal jurisdictional bounds"); and *Wasserman v. Wasserman*, 671 F.2d 832, 834 (4th Cir. 1982) ("As the district court correctly observed, the federal courts have long held that diversity jurisdiction does not include the power to grant divorces, determine alimony or support obligations, or determine child custody rights."). As a result, this court cannot grant to a divorce to the plaintiff.

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

September 25, 2014                              s/ Kevin F. McDonald
Greenville, South Carolina                 United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).